United States District Court
Southern District of Texas

**ENTERED**

August 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAFFTON ANTHONY BLOOMFIELD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03032 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Daffton Anthony Bloomfield, a native and citizen of Jamaica, is detained in the custody of officials with Immigration and Customs Enforcement (ICE) at the Houston Contract Detention Facility. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1); a motion for a preliminary injunction (Doc. No. 21); an advisory (Doc. No. 25); and a motion for a temporary restraining order (Doc. No. 27).

Petitioner is a transgender woman confined in an all-male dorm in her detention facility. She is subject to a final removal order with a deferment of removal to Jamaica based on a finding that it is more likely than not that she would be tortured or persecuted if she is returned to that country. She has been detained under her final removal order for more than 8 months and alleges that she has been sexually abused in the Houston Contract Detention Facility and is being subjected to nearly daily sexual harassment there. She further alleges that she has been denied adequate medical care and her medication while

confined by the Respondents. She also maintains that there is no significant likelihood that she will be removed in the reasonably foreseeable future and that her confinement violates her rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court ordered Respondents to file an expedited response to Petitioner's motion for a preliminary injunction. Doc. No. 22. As a partial response,[1] Respondents filed an advisory stating that they intend to remove Petitioner from the United States to Rwanda on August 26, 2026. Doc. No. 23. Petitioner subsequently filed an advisory showing that the United States Citizenship and Immigration Services ("USCIS") has determined that Petitioner "ha[s] established that it is more likely than not that [she] will be persecuted in Rwanda." Doc. No. 25-1 at 4. The Court ordered Respondents to show cause "for her continued detention and whether they are complying with their own policies concerning their stated plan to remove her on August 26, 2026 to Rwanda, a country where, according to the petitioner's submissions, they have determined it is more likely than not that she will be persecuted." Doc. No 26. Petitioner subsequently filed a motion for a temporary restraining order to preserve the status quo while the Court decides the pending motions. Doc. No. 27.

Given Petitioner's submissions tending to show that she may not be removed to Rwanda based on the USCIS's determination that it is more likely than not that she will be subjected to persecution if she is sent there, the Court finds that the interests of justice require the preservation of the status quo pending its determination regarding its

[1] The Court does not consider the advisory to be a full response to the Petitioner's motion and observes that the full response is due on or before August 21, 2026.

jurisdiction and subsequent adjudication of the substantive claims, if appropriate. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). The Court may order Respondents to preserve the status quo while it considers its jurisdiction and its authority to grant relief. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Moreover, "[a] federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 707 (S.D. Tex. 2025) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978)) (cleaned up).

Therefore, the Court **ORDERS** as follows:

1. To preserve the status quo, Respondents are **ENJOINED** from transferring or removing the petitioner from the Southern District of Texas while the Court is considering Petitioner's motions.
2. The Court's April 21, 2026 Order requiring 5 days' notice to the Court and to the Petitioner regarding any transfer or removal remains in effect. In addition, such notice shall be filed in writing on the docket in this proceeding and shall

state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.

The Clerk will provide a copy of this order to the parties.

SIGNED this 19th day of August 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE